## MISSISSIPPI RIVER FUEL CORPORATION v. SMITH et al.

### No. J-594.

United States District Court
E. D. Arkansas, Jonesboro Division.

July 6, 1949.

Owens, Ehrman & McHaney, of Little Rock, Ark., for plaintiff.

Harrell Simpson, of Pocahontas, Ark., for defendants.

TRIMBLE, Chief Judge.

The court makes the following findings of fact:

1. The Mississippi River Fuel Corporation is a Delaware corporation authorized to do business in the State of Arkansas and a nonresident of the State of Arkansas.

2. The defendants, and each of them, are citizens and residents of the State of Arkansas.

3. This controversy is between citizens of different states, and the matter in controversy exceeds the sum or value of Three Thousand Dollars ($3,000.00).

4. The Mississippi River Fuel Corporation owns, operates, and maintains a natural gas pipe line from the State of Louisiana through the State of Arkansas and into the States of Missouri and Illinois.

5. The plaintiff is the owner of an easement and right of way over, through, upon, under, and across the following lands owned by the defendant, J. E. Smith, to-wit:

The Southeast Quarter (SE¼) of the Northwest Quarter (NW¼) of Section Twenty-two (22), Township Twenty (20) North, Range Three (3) East, and the Northeast Quarter (NE¼) of the Northeast Quarter (NE¼) of Section Twenty-nine (29), Township Twenty-one (21) North, Range Four (4) East, all in Clay County, Arkansas,

and the defendant, J. W. Staggs, is a tenant of the defendant, J. E. Smith, on part of said lands.

6. The plaintiff is the owner of an easement and right of way over, through, upon, under, and across certain lands of the

defendants, Annie Day, Russell Day, and Earl Day, as follows, to-wit:

The South Half (S½) of the Northeast Quarter (NE¼) of Section Eleven (11), the East Half (E½) of the Southwest Quarter (SW¼) of Section Eleven (11), the Southeast Quarter (SE¼) of the Northeast Quarter (NE¼) of Section Fifteen (15), and the Northeast Quarter (NE¼) of the Southeast Quarter (SE¼) of Section Fifteen (15), all in Township Twenty (20) North, Range Three (3) East, Clay County, Arkansas,

and the defendants, Carl Hahs and Willie Wilson, own leasehold interests in parts of said property.

7. The plaintiff is the owner of an easement and right of way over, through upon, under, and across certain lands of the defendant, Tezzie Smith, as follows, to-wit:

The East Half (E½) of the Southeast Quarter (SE¼) of Section Thirty (30), Township Twenty-one (21) North, Range Four (4) East, in Clay County, Arkansas.

8. The plaintiff is the owner of an easement and right of way over, through, upon, under, and across certain lands of the defendant, Will R. Jackson, as follows, to-wit:

The North Half (N½) of the Southwest Quarter (SW¼) of Section Twenty-two (22), Township Twenty (20) North, Range Three (3) East, Clay County, Arkansas.

Said right of way is limited in width not to exceed two rods.

9. A copy of one of the instruments of conveyance creating said easements and rights of way is attached and marked Exhibit "A". Each of the instruments of conveyance is in similar terms, except that covering the property presently owned by Will R. Jackson, which differs from the others in that the right of way is limited to two rods in width.

10. The plaintiff, Mississippi River Fuel Corporation, desires to lay a pipe line across the properties hereinbefore described adjacent to and parallel with one certain pipe line heretofore laid by the plaintiff on said properties.

11. The plaintiff has tendered to the defendants, and each of them, the sum of fifty cents (50¢) per rod for each rod of pipe to be laid upon the respective lands of the defendants, and the defendants, and each of them, have refused said tenders.

12. The plaintiff has a certificate of convenience and necessity from the Federal Power Commission to build and construct the pipe line.

13. The plaintiff is suffering and will continue to suffer damages greatly in excess of Three Thousand Dollars ($3,000.00) so long as the defendants, or any of them, prevent the plaintiff from laying and constructing its pipe line.

14. The plaintiff will suffer irreparable damage unless the defendants be enjoined from interfering with the plaintiff in entering upon said lands for the purpose of constructing its pipe line.

## Conclusions of Law

The court makes the following conclusions of law:

1. This action is one between citizens of different States, and the matter in controversy exceeds the sum or value of Three Thousand Dollars ($3,000.00), and is one of which this court has original jurisdiction.

2. The plaintiff has a valid easement and right of way over the lands of the defendants described in the complaint and is entitled to enter upon said lands and to construct a pipe line parallel with and adjacent to the pipe line which plaintiff heretofore constructed across said lands upon payment of the sum of fifty cents (50¢) for each rod of pipe to be laid on said lands and upon its further agreement to pay all damages which may arise to the crops, timber, fences, or buildings by virtue of the construction of said pipe line.

3. The plaintiff has made legal tender to the defendants, and each of them, in the sum of fifty cents (50¢) per rod for each rod of pipe to be laid on said premises, and the defendants, and each of them, have refused said tender.

4. The defendants, and each of them, are unlawfully interfering with the rights of the plaintiff to enter upon their respective lands for the purpose of laying and constructing its pipe line, and the plaintiff is entitled to a temporary injunction re-

straining and enjoining the defendants, and each of them, from interfering with the rights of the plaintiff.